## O. P. GANT v. STATE.

No. A-2549.    Opinion Filed May 19, 1917.

(164 Pac. 999.)

**APPEAL AND ERROR—Conviction—Reversal.** When all of the evidence introduced at the trial of a criminal case, considered together, is sufficient to authorize a legitimate conclusion of guilt by the jury, a judgment of conviction will not be reversed on appeal.

*Error from County Court, Jefferson County;*
*Ben F. Saye, Judge.*

O. P. Gant was convicted of violating the prohibitory law, and he brings error. Affirmed.

*Bridges & Vertrees,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, O. P. Gant, was convicted at the July, 1915, term of the county court of Jefferson county, on a charge of having unlawful possession of intoxicating liquors with intent to sell the same, and his punishment fixed at a fine of $50 and imprisonment in the county jail for 30 days. An appeal was duly prosecuted to this court.

The only proposition urged in the brief is that the judgment is contrary to the evidence.

It appears that plaintiff in error is a farmer, living near Waurika, and at the time of the charge was building a residence, pending the completion of which he was living in a tent near by; that he went to Byers, Tex., and got two barrels of beer and brought them home. On the day he arrived with the beer, a deputy sheriff living at

Ardmore telephoned the sheriff of Jefferson county to be on the lookout for a wagonload of intoxicating liquors. A deputy from the sheriff's office picked up the trail of the wagon, which led to the camp of the defendant. When they arrived at his place he told them that he had two barrels of beer and had bought them for his own use. Some argument was had, and the deputies agreed to leave the beer until the plaintiff in error could come into town and see the sheriff. He came into town the following morning, but the sheriff was absent. He then returned to his camp. The deputies again visited the camp, and could find only five bottles of beer. When defendant was questioned concerning the disposition of the beer, he told them it had been stolen. One witness testified that he bought beer at a tent located in the direction of where the tent of the plaintiff in error was admittedly situated; that he made a check for the same payable to O. P. Gant. This witness declined to identify the plaintiff in error as the person from whom he purchased. He was a very reluctant witness, and was apparently endeavoring to shield the plaintiff in error.

One of the other witnesses who was in the party at the time was a very unwilling witness, and gave no incriminating evidence, but admitted being in the party.

The plaintiff in error produced a number of witnesses in his own behalf, who testified that they had worked on the house he was building as carpenters and paper hangers; that they had seen beer and had drunk beer there, but had never seen any sold at any time. One of the witnesses testified that he worked there in April; that another tent was located near by the Gant tent some time during May, but that it was not there at the time the offense was said to have been committed.

The plaintiff in error himself testified, admitting that he had the beer. He denied selling any; denied knowing the state's witnesses; denied receiving a check payable to his order for beer. He admitted telling the sheriff's deputies at one time that the beer had been stolen and at another time that it was in a pond. He said that one of his small children took the beer out of the barrels and put it in the pond while he was gone to town to see the sheriff; that he used the beer instead of drinking water on account of the fact that there was no drinking water nearer than a mile, and, further, that some physician had advised him to use beer on account of the ill health of his wife.

We are unable to agree with counsel that this conviction is contrary to the evidence. The testimony offered by the plaintiff in error in his defense, taken together with the facts offered by the state, raised an issue exclusively for the jury to determine. The testimony of plaintiff in error is such that the jury was warranted in scrutinizing carefully this transaction. It is a most unreasonable and unbelievabe story that an ordinary farmer would drive 15 or 20 miles to get two barrels of beer at a cost of $25 to be used for drinking water, instead of hauling a barrel of water, which would cost nothing, the distance of a mile. It is not unreasonable for people in ordinary circumstances to drink beer in lieu of tea or coffee with their meals, or even more frequently, but to ask a jury of intelligent men to believe that an ordinary farmer suspended the use of water altogether, and substituted beer, was presuming a little too much. When this kind of defense to a charge of having the unlawful possession of liquor with intent to sell same is made and

a conviction follows, the judgment will not be disturbed. on appeal.

Taking all of the facts disclosed by the record together, we are of opinion that the judgment of the trial court should not be reversed on the ground that it is. contrary to the evidence.

The jury saw and heard all the evidence, observed. all of the witnesses on the stand, and were citizens of the same community, and probably neighbors to the accused. They found, under their oaths, that he was guilty of having this liquor in his possession with intent to sell the same, and the local court approved their verdict. The circumstances and proof offered are such that this deduction was legitimate.

Affirmed.

DOYLE, P. J., and MATSON, J., concur.